UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

MARCUS QUIN BUTLER,

    Plaintiff,

v.                                                  No. 5:20-CV-143-H

C. ARENIVAZ, et al.,

    Defendants.

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

United States Magistrate D. Gordon Bryant made Findings, Conclusions, and a Recommendation (FCR) in this case on March 9, 2021. *See* Dkt. No. 13. Judge Bryant recommended that the Court dismiss all of Butler's claims against all defendants for failure to state a claim under 28 U.S.C. § 1915. *Id.* Butler filed his objections to Judge Bryant's FCR on March 18, 2021 and June 1, 2021.[1] Dkt. Nos. 14, 16. After reviewing the objections and the relevant filings, the Court finds that the objections should be overruled.

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). In contrast, the district judge reviews any unobjected-to proposed findings, conclusions, and recommendations for plain error. *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 735 F.3d 202, 205 (5th Cir. 2013) ("[P]lain error review applies when a party did not object

---

[1] Even though Butler filed his second set of objections after the 14-days deadline, the Court still considers those objections. The Fifth Circuit has stated that "district courts need not consider late objections" to an FCR. *Scott v. Alford*, No. 94-40486, 1995 WL 450216, at *2 (5th Cir. July 6, 1995). Therefore, it is within the discretion of the Court whether to consider late-filed objections. *See Loredo v. Barnhart*, 210 F. App'x 417, 418 n.1 (5th Cir. 2006) (quoting *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988)). Nevertheless, the Court finds that consideration of Butler's late objections is in the interest of justice.

to a magistrate judge's findings of fact, conclusions of law, or recommendation to the district court, so long as the party was served with notice of the consequences of failing to object.") (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428 (5th Cir. 1996) (en banc), *superseded on other grounds by* 28 U.S.C. § 636(b)(1)).

Butler's objections restate the facts that he alleges in his complaint—that C. Arenivaz violated commitment-center rules and wrote him a false disciplinary case, that he did not receive a fair disciplinary hearing, and that he was not allowed back to his dorm during the pendency of his disciplinary charge. *See id.* Butler additionally alleges that Arenivaz's false statements have caused his reputation to be tarnished and that the defendants acted without care for his wellbeing. Dkt. No. 14 at 1; Dkt. No. 16 at 2. Butler further states in his objections that he can show these facts at a jury trial and prove to the Court that his rights were violated. *See* Dkt. No. 14 at 2; Dkt. No. 16 at 3. None of Butler's objections include any new material facts or dispute any specific legal conclusion.

To the extent that Butler objects to the authenticated record cited in the FCR, the Court overrules the objection. In his FCR, Judge Bryant cited to authenticated records showing that officials held a disciplinary hearing for Butler where he and Arenivaz testified. Dkt. No. 13 at 8. Butler refers to the authenticated records in one of his objections stating that they clearly show that the defendants violated his rights. Dkt. No. 16 at 2. Because Butler also alleges in his complaint that he had a disciplinary hearing where he and Arenivaz testified, Dkt. No. 1 at 9, to the extent that Butler intended to object to Judge Bryant's characterization of the authenticated records, the objection is overruled.

The Court has examined the record and reviewed the unobjected-to portions of the FCR for plain error and finds none. Furthermore, the Court, having reviewed the objected-

to portions of the FCR de novo, overrules the objections. Accordingly, the Court accepts the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and dismisses all of Butler's claims against all defendants with prejudice for failure to state a claim under 28 U.S.C. § 1915. The Court will enter a judgment in accordance with Federal Rule of Civil Procedure 58 in a separate document.

So ordered on June 16, 2021.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE